[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12732

Non-Argument Calendar

_____

YOLAND PATRICK,

Plaintiff-Appellant,

*versus*

APRIL LOUISE POREE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-04236-VMC

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Yoland Patrick (Yoland) is the former manager of April Poree, a musical artist who records as "BOZZ Lay'dee." Yoland is married to Sherman Patrick (Sherman) who worked as Poree's producer. Yoland brought this copyright infringement lawsuit based on Poree's performance and use of the song "I Do What I Want." The song's registration with the United States Copyright Office lists Poree and Sherman as authors and Yoland as the holder of "Rights and Permissions." Yoland appeals from the district court's denial of her motions for default judgment and summary judgment. After a careful review of the record, we **AFFIRM**.

## I.    Background

When Yoland worked as Poree's manager, Poree and Sherman recorded a song titled "I Do What I Want." The song was registered with the United States Copyright Office in July 2019. The registration for "I Do What I Want" lists April Poree and Sherman Patrick next to "Authorship on Application." Both April Poree and Sherman Patrick are also listed next to "Copyright Claimant." Yoland Patrick's name is listed next to "Rights and Permissions" on the Copyright Registration form.

After the copyright was registered, Poree performed "I Do What I Want" and made the single available on streaming services. Also, "I Do What I Want" was featured on an episode of Lizzo's

television show "Watch Out for the Big Grrrls."  In response, Yoland filed this lawsuit identifying herself as the "exclusive owner" of the sound recording and alleging that Poree's actions constitute copyright infringement.

Poree failed to respond, defend her claims, or appear at any district court proceedings, including a preliminary injunction hearing.  As a result, Yoland filed a motion for clerk's default, which the clerk's office granted and entered "Clerk's Entry of Default."  Yoland then filed a motion for default judgment, or in the alternative summary judgment.  The district court denied both motions based on a lack of evidence that Yoland held a valid copyright, which prevented her from stating a claim for copyright infringement.  The district court then directed the plaintiff to show cause "why her Complaint should not be dismissed for failure to state a claim."  Although Yoland responded, the district court dismissed the action altogether finding that Yoland "ha[d] not pointed to any additional information or evidence that could result in a different outcome."  Yoland timely appealed.

## II.    Standard of Review

"We review a district court's decision to deny a motion for default judgment for abuse of discretion."  *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 876 (11th Cir. 2023).  A district court abuses its discretion if it "applies an incorrect legal standard or makes findings of fact that are clearly erroneous."  *United States v. Wilk*, 572 F.3d 1229, 1234 (11th Cir. 2009).

Entry of a default is appropriate when a party "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After a default is entered, the clerk *must* enter a default judgment when the claim is for a sum certain and the plaintiff requests that amount. Fed. R. Civ. P. 55(b)(1). When a plaintiff requests something other than a sum certain, it "must apply to the court for a default judgment," which a district court *may* enter. Fed. R. Civ. P. 55(b)(2). We treat "a motion for default judgment . . . like a reverse motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

### III.    Applicable Law

Principles of copyright ownership and transfer are federal law. Copyright interests "vest[] initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work." 17 U.S.C. § 201(a). Copyright ownership is transferrable. *Id.* § 201(d). An attempt to transfer copyright ownership is only valid if "an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." *Id.* § 204(a). We have interpreted this to mean that "[t]he Copyright Act requires a writing for all exclusive transfers of copyright." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1235 (11th Cir. 2010).

23-12732                Opinion of the Court                5

Owners of copyrights have "exclusive rights to do and to authorize" specific actions under 17 U.S.C. § 106, and the scope of exclusive rights in sound recordings is outlined in 17 U.S.C. § 114. Registration of a copyright is a permissive action, and copyright protection does not require registration.  17 U.S.C. § 408(a).  An applicant for copyright registration may, but does not need to, list the name and contact information for a person or organization to contact for permission to use the work. U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 622.1 Rights and Permissions Information (3d ed. 2021).

To establish a prima facie case for copyright infringement, a plaintiff must prove two things: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Latimer*, 601 F.3d at 1232–33 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

## IV.    Analysis

We find that the district court did not abuse its discretion by choosing to not enter a default judgment.  The entry of clerk's default does not automatically necessitate entering a default *judgment*. Poree's lack of response or defense made entering the clerk's default appropriate. *See* Fed. R. Civ. P. 55(a).  Because Yoland did not seek a sum certain, she had to move for default judgment.  When deciding whether to enter a default judgment, the district court needed to determine whether Yoland had a valid copyright claim. Therefore, the court properly considered the elements of a prima facie copyright infringement claim.  Bringing a copyright

infringement claim requires a plaintiff to own a valid copyright. *See Latimer*, 601 F.3d at 1232–33. Yoland failed to establish copyright ownership for "I Do What I Want." Copyright ownership initially vests in the authors or coauthors of a work. 17 U.S.C. § 201(a). Here, copyright ownership initially vested in Poree and Sherman as cocreators of "I Do What I Want."

Nothing in the record establishes that Yoland subsequently acquired copyright ownership. Copyright registration is not necessary for copyright interests to vest. *See* 17 U.S.C. §§ 201(a), 408(a). Poree and Sherman's rights as authors vested *before* the registration rather than coming from the registration. Listing Yoland under "Rights and Permissions" on the registration did not provide her with the rights of copyright ownership. Rather, listing Yoland there made her the person to contact for permission to use "I Do What I Want."

Further, Yoland did not receive copyright ownership via transfer. An exclusive transfer of federal copyright requires a written conveyance. 17 U.S.C. § 204; *Latimer*, 601 F.3d at 1235. Yoland's affidavit references a "verbal agreement" with Poree that Yoland "would hold the exclusive rights and permissions for the Work to direct the licenses and permissions for the Work." The affidavit from Sherman states that Poree "agreed to the transfer of her intellectual property interest in the work." Neither affidavit identifies the statutorily required written transfer of copyright ownership.

By failing to prove ownership of a copyright, Yoland did not establish a prima facie case for copyright infringement. Without a

prima facie case, Yoland failed on her claim. We consider a complaint without a claim as insufficient to support entering a default judgment. *See Chudasama*, 123 F.3d at 1370 n.41. Even when a district court has entered a default, it must ensure that there is a valid claim before entering a default judgment. Thus, the district court did not abuse its discretion by not granting Yoland's motion for default judgment.[1]

For the reasons discussed above, the decision of the district court is **AFFIRMED**.[2]

---

[1] Yoland's brief mentions summary judgment in the alternative. Summary judgment is appropriate when the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Yoland has failed to meet the prima facie case of copyright infringement and therefore cannot show she is entitled to judgment as a matter of law. The district court did not err in denying her motion for summary judgment.

[2] By affirming the dismissal of Yoland's claims, we do not reach the district court's earlier denial of her motion for preliminary injunction mentioned in her brief.